# THE PEOPLE v. ALLAN.

## APPEAL from the District Court of San Juan.

### No. 301.—Decided January 13, 1911.

APPEAL—JUDGMENT OF ACQUITTAL.—An appeal does not lie from a judgment rendered in a criminal cause acquitting the defendant of the crime charged against him.

ID.—In the case at bar the trial was had before the law court, and after the complainant had testified (it is a prosecution for rape) counsel for the defendant made a motion to the court for the dismissal of the case on the ground of lack of evidence, which motion being admitted, judgment was rendered acquitting the defendant. *Held:* That said judgment was not appealable by the *fiscal* inasmuch as it was not comprised in any of the cases enumerated under section 348 of the Code of Criminal Procedure.

The facts are stated in the opinion.

*Mr. Jesús M. Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This prosecution began in an accusation formulated by the *fiscal* of the District Court of San Juan charging the accused with the commission of the crime of rape. The trial,

was held before the court without a jury, and the judge having heard the testimony of the injured female, the attorney for the accused made a motion to dismiss the case for want of sufficient evidence to support the accusation. The court sustained the motion, entering a judgment of acquittal and ordering the bond of the accused to be canceled.

The *fiscal* of the district court interposed an appeal against this judgment to this court, resting it upon the 6th paragraph of section 348 of the Code of Criminal Procedure.

A statement of the case appears in the record setting forth all the facts, but in the view which we take of the matter it is not necessary to be considered. An appeal on behalf of The People of Porto Rico, under paragraph 6 of section 348 of the Code of Criminal Procedure, does not lie in this case. That has been well settled for more than six years, and it is surprising that the appeal should have been taken. (See the decisions heretofore rendered on this matter, one on December 21, 1904, in the case of *The People of Porto Rico* v. *Caquias,* and a later one, which we rendered on December 4, 1909, in the case of *The People of Porto Rico* v. *Angel Martínez* and *Alfredo Bravo,* the latter as well as the former being a case exactly similar.) In regard to the matter in the last case cited, we used the following language:

"The first is whether or not an appeal lies from the judgment of the court rendered herein. It is claimed that it does under the 6th paragraph of section 348 of the Code of Criminal Procedure. That paragraph reads as follows: 'An appeal may be taken by The People from an order of the court directing the jury to find for the defendant.' The judgment in this case was rendered by the court. There was no jury in the case, and there could not have been, the offense charged being only a misdemeanor. The court sustained a demurrer made by the defendants to the evidence introduced by The People and rendered a judgment of acquittal. It is true the effect was the same as if a jury had been directed to render a verdict of acquittal; but such a judgment is not included among the six cases mentioned, in which an appeal may be taken by The People, and, in our opinion, no appeal lies in this case."

Inasmuch as no appeal lies in the case at bar, it is unnecessary to discuss the matter further. The appeal must be dismissed.

*Dismissed.*

Mr. Chief Justice Hernández and Justices Wolf and del Toro concurred.